1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   CHRISTINE FITZER, a natural person,

11              Plaintiff,

12       v.

13   PIERCE COUNTY, a County of
     Washington State,

14              Defendant.

15

CASE NO. C11-5016 KLS

ORDER DENYING MOTION TO
CONTINUE SUMMARY
JUDGMENT

16       Pierce County filed a Motion for Summary Judgment on July 6, 2012 (ECF No. 23) with

17   a noting date of July 27, 2012.  The Plaintiff's response was due Monday, July 23, 2012.  On

18   Friday, July 20th the Plaintiff filed "Plaintiff's Request for Continuance of Summary Judgment

19   Pursuant to Rule 56(d)" (ECF No. 32) and set a noting date of July 27, 2012.

20       For the reasons set forth below, the Motion is DENIED.

21                          **PROCEDURAL BACKGROUND**

22       Christine Fitzer initially filed her Complaint in Thurston County on December 9, 2010.

23   The Defendant timely removed the matter to federal court on January 6, 2011 and filed its

24   Answer on January 13, 2011 (ECF No. 6) and an Amended Answer on March 28, 2011.  ECF

1   No. 14.  The parties Joint Status Report was filed April 6, 2011 in which they projected that

2   discovery could be completed by August 31, 2011.  ECF No. 15.  Trial was initially scheduled

3   for March 26, 2012.  ECF No. 16.  However, the parties requested a continuance of that trial date

4   as they needed additional time for discovery.  ECF No. 17.  The undersigned granted the request

5   and continued trial an additional six months to October 3, 2012 with the requirement that (1) all

6   discovery be completed by June 4, 2012.  ECF No. 19.

7       It appears that the only formal discovery conducted by the parties was the discovery

8   deposition of Ms. Fitzer conducted by the Defendant.  The Plaintiff did not conduct any formal

9   discovery.

10      The Defendant filed its Motion for Summary Judgment (ECF No. 23) approximately one

11  month after the discovery cut-off date.  It filed a number of declarations in support of its

12  summary judgment motion.  ECF No. 24 – 31.

13      Ms. Fitzer's Complaint for Disability Discrimination is nine pages long and includes

14  Exhibit 1 which is a14 page summary entitled "Additional Informtaion [sic] For Claim For

15  Damages."  In her Complaint, the Plaintiff asserts eight claims:  (1)  Disparate Treatment Due to

16  Disability Discrimination; (2) Hostile Environment Harassment Due to Disability

17  Discrimination; (3) Wrongful Discharge Under the Public Policy Exception to the At-Will

18  Doctrine; (4) Violation of Civil Liberties; (5) Negligent Supervision; (6) Outrage; (7) Negligent

19  Infliction of Emotional Distress; and (8) Civil Conspiracy.

20                          DISCUSSION

21      The Plaintiff requests the undersigned to either (1) deny the Defendant's motion or (2)

22  continue the Defendant's Motion for Summary Judgment for 14 to 21 days to give her time to

23  present evidence in opposition to the motion.  This request is made pursuant to Fed. R. Civ. P.

24  56(d), which provides as follows:

**(d)  When Facts Are Unavailable to the Nonmovant.**  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1)  defer considering the motion or deny it;

    (2)  allow time to obtain affidavits or declarations or to take discovery, or

    (3)  issue any other appropriate order.

In Plaintiff's motion, she provides three reasons why the Defendant's motion should be continued.  The first reason is that "the County's copious factual assertions and specialized nature of the facts at issue demand either a denial in favor of a trial or additional time to prepare a response and to obtain all necessary declarations.  ECF No. 32, p. 2.  The Plaintiff points out that the Defendant's motion contains a statement of facts that is 11 pages long and that the motion is "supported by eight declarations and numerous exhibits for a total of over 100 pages of factual assertions." *Id.* at p. 3.  This first reason, however, does not address the specificity requirement of Rule 56(d).  It really should not be surprising that the motion would be lengthy in light of the number of claims asserted by the Plaintiff in her Complaint.  The length of a motion, however, is not a sufficient reason to continue the motion.  In order to continue the motion the Plaintiff must (1) identify specific facts that further discovery would reveal and (2) explain why those facts would have precluded summary judgment.

The second reason initially given by the Plaintiff to support her motion to continue is that "Ms. Fitzer had contacted and relied on being able to obtain 3 declarations from Declarants still employed with the County, Larry Osborn, Bart Edison, and Joyce Smith, whom have subsequently withdrawn their approval because of fear and apparent 'requests' from their superiors that they not get involved."  The Defendant asks this Court to strike any evidence before the court as to the "reason" why these three employees have declined to provide a declaration as it is hearsay.  The Court agrees.  The only apparent direct statement is contained in an email alleged to come from Larry Osborn on July 16, 2012 in which he states he does not

1  "want to put my job in jeopardy."  He gives no reason why he believes his job may be in

2  jeopardy.    Again, what is missing, is any identification of the specific facts the Plaintiff  hopes

3  to obtain through declarations of these three individuals nor is there any representation before the

4  Court as to how these undisclosed facts are "essential" to the summary judgment motion.  It is

5  true that in the Plaintiff's Reply (ECF No. 38) there are generalized statements as to what the

6  witnesses testimony will be but those statements do not meet the requirements of CR 56(d).

7          The third and final reason given to continue the motion is that "Ms. Fitzer has not yet

8  been able to obtain all the necessary medical evidence in support of her response, despite her

9  diligent efforts."  Other than her own conclusory statement that she has acted in a diligent

10  manner, there are no facts before the Court which would allow it to reach that conclusion.  In

11  fact, that statement is only contained in her written motion and is not even mentioned in her

12  declaration, so there are absolutely no facts before the Court to support a conclusion that the

13  Plaintiff acted in a diligent manner regarding obtaining medical evidence.

14          Finally, and of considerable concern to the undersigned, is the fact that the Plaintiff has

15  had a substantial amount of time to conduct discovery yet she failed to do so.  Her choice to not

16  do formal discovery is her choice but failure to diligently pursue discovery is not a reason to

17  continue the Defendant's motion.  Now the Court has been advised that the Plaintiff  has

18  scheduled three depositions for August 1, 2012 and that these depositions were apparently

19  scheduled sometime after this motion to continue was filed.  These scheduled depositions are

20  two months past the date established by the Court for completion of all discovery and this Court

21  has not authorized discovery beyond that date.  The Plaintiff has known of the discovery

22  completion date for the past 9 months and the Court granted a continuance of the first trial date

23  so the parties could complete discovery.

24

CONCLUSION

The Plaintiff has failed to "identify the specific facts that further discovery would have revealed or explain why those facts would have precluded summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).  In addition, the Plaintiff has failed to give any good reason as to why she failed to comply with the Court's Scheduling Order filed on November 14, 2011 (ECF No. 19) with regard to diligently pursuing discovery.

For the reasons set forth above, the Plaintiff's Motion to Continue Defendant's Summary Judgment Motion is DENIED.  ECF No. 32.

Dated this 1 day of August, 2012.

Karen L. Strombom
United States Magistrate Judge