UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTINE FITZER, a natural person,

        Plaintiff,

    v.

PIERCE COUNTY, a county of
Washington State,

        Defendant.

CASE NO. C11-5016 KLS

ORDER GRANTING MOTION TO
DISMISS AND REMANDING TO
STATE COURT

Pierce County timely filed its Motion for Summary Judgment (ECF No. 23) with a noting date of July 27, 2012.  The Court agreed to consider Plaintiff's late filed Reply to the Motion, directed the Defendant to file its Response and the motion was re-noted by the Court for August 24, 2012.

The Plaintiff asserted two claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), identified in her Complaint (ECF No. 1-1) as (1) First Claim: Disparate Treatment Due to Disability Discrimination and (2) Second Claim: Hostile Environment Harassment Due to Disability Discrimination.  Arguably her Third Claim of Wrongful Discharge Under the Public Policy Exception to the At-Will Doctrine is also based on her ADA claim.

1  With regard to additional federal claims, the Plaintiff asserted a generic claim of Violation of

2  Civil Liberties in her Fourth Claim and Civil Conspiracy in her Eighth Claim.  The remaining

3  claims assert only violations of State law (negligent supervision, outrage, and negligent infliction

4  of emotional distress).

5                                    **AMERICAN DISABILITIES ACT**

6  **First and Second Claims:**

7          The Defendant requests this Court dismiss any and all of Plaintiff's claims based on

8  alleged violation of the ADA for her failure to timely file her lawsuit against Pierce County.  The

9  Court agrees with the Defendant and hereby orders dismissal of all of Plaintiff's claims based on

10  violation of the Americans with Disabilities Act.

11          The Plaintiff filed a Charge of Discrimination with the EEOC dated August 25, 2009.

12  ECF No. 24-20.  In that Charge in which she asserted the following:  "In or around April 2009,

13  Pierce County subjected me to harassment based on disability when it gave me an accusatory

14  letter.  I requested reasonable accommodations for my disabilities, in the form of telecommuting.

15  Pierce County denied my request for reasonable accommodation.  I believe Pierce County

16  subjected me to harassment based on disability and failed to provide reasonable accommodation,

17  in violation of the Americans with Disabilities Act of 1990, as amended."  She alleged that the

18  earliest date this discrimination took place was April 1, 2009 and the latest was August 18, 2009.

19          Ms. Fitzer received a "Dismissal and Notice of Rights" (ECF NO. 24-22) dated February

20  22, 2010.  The "Notice of Suit Rights" advised Ms. Fitzer as follows:  "This will be the only

21  notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against

22  the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit

23  must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this

24  charge will be lost.  (The time limit for filing suit based on a claim under state law may be

1   different.)."  (emphasis in original).   While it is not clear what date Ms. Fitzer received the

2   notice, she admits to receiving it.  For purposes of this litigation, the Court will add three days

3   for the mailing and assume that she received notice on February 25, 2010.

4        Ms. Fitzer filed this instant litigation in Thurston County Superior Court on December 9,

5   2010, over 9 months after her receipt of her Notice of Suit Rights.

6        While the Plaintiff did file a Notice of Claim with Pierce County, as required under

7   R.C.W. 4.96.020(4), that filing only tolled the running of the 90 day filing requirement for an

8   additional 60 days after the county claim was filed.  The Plaintiff asserts that this was filed on

9   May 1, 2010.  The filing of the statutory notice is not, however, the same thing as filing suit in

10  either federal or state court.  That was not done until December 9, 2010.  The 90 day period

11  started to run from the receipt of the "Dismissal and Notice of Rights."  It was "tolled" for a

12  period of 60 days after the claim was filed for the County.  However, once that 60 days expired,

13  then the days remaining for the 90 day period commenced to run.  The 90 days clearly expired

14  months prior to the date Plaintiff filed this litigation in Thurston County Superior Court.

15       The law is clear that a plaintiff must file an ADA lawsuit within 90 days of the issuance

16  of the EEOC's right-to-sue letter.  *Stiefel v. Bechtel Corp.,* 624 F/3d 124-. 1245 (9th Cir. 2010).

17  This 90 day period is a statute of limitations which is subject to equitable tolling, but that

18  doctrine is to be applied sparingly.  *Scholar v. Pacific Bell,* 963 F.2d 264, 267-68 (9th Cir. 1992),

19  *Mitchell v. Los Angeles Community College Dist.,* 861 F.2d 198 (9th Cir. 1988), *cert. denied,* 490

20  U.S. 1081 (1989).

21       Ms. Fitzer's assertion that filing a claim with Pierce County completely stopped the

22  running of the 90 day statute of limitations is without legal support.  Her suit would have been

23  timely filed only it if had been filed with 150 days of her receipt of the Notice from the EEOC.

24  Her lawsuit was filed substantially beyond this time limit.

1    The Plaintiff asserts, however, that the ADA trigger for her litigation was her termination

2    which occurred in July 2010.  She did not, however, file a separate Charge of Discrimination

3    with the EEOC regarding her termination or any subsequent actions of the County which she

4    asserts were done in violation of her rights under the ADA.

5    The law is also clear in this regard – a plaintiff who wishes to maintain a civil action

6    based on ADA discrimination must file an administrative claim with the EEOC no later than 300

7    days **after** the alleged unlawful employment practice occurred.  *Douglas v. California Dept. of*

8    *Youth Authority,* 271 F.3d 812, 823 (9th Cir. 2001)(emphasis added).   In addition, such a charge

9    must be filed for each temporally distinct and discrete act of alleged discrimination.  "Discrete

10   acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to

11   identify.  Each incident of discrimination and each retaliatory adverse employment decision

12   constitutes a separate actionable 'unlawful employment practice.'"  *Nat'l R.R. Passenger Corp.*

13   *v. Morgan,* 536 U.S. 101, 114, 112 S.Ct. 2061, 153 L.Ed.2d 106 (2002).  It is clear from the

14   assertions made in Ms. Fitzer's declaration that the basis for her wrongful termination and failure

15   to hire claims are temporally distinct and discrete acts and a Charge of Discrimination had to

16   have been filed with the EEOC in order to maintain an ADA claim against the defendant.  She

17   did not file any such Charge and she cannot now pursue her ADA claims in federal court.

18   **Third Claim:**

19   With regard to the Plaintiff's Third Claim, Wrongful Discharge Under the Public Policy

20   Exception to the At-Will Doctrine, the plaintiff has failed to show that the Defendant violated

21   any federal public policy that would support this third claim.  In addition, she completely failed

22   to address this issue in her Response.  The Defendant's motion to dismiss this claim, so far as it

23   is based on federal law, is granted.

24

ORDER GRANTING MOTION TO DISMISS AND
REMANDING TO STATE COURT- 4

**Fourth Claim:**

In her Fourth Claim, the Plaintiff asserts Violation of Civil Liberties and identifies those liberties as violation of "right of equal protection under the laws, due process of law, and her right to enjoy the benefits of her property interest in her public employment."  She does not identify any specific federal rights she asserts were violated by the Defendant nor does she discuss this cause of action in her Response.

The defendant asserts that the Plaintiff is unable to make a prima facie showing of a § 1983 violation.  To support such a claim, the Plaintiff must prove: (1)  that there was a federal statutory or constitutional deprivation; (2) that the municipality had a policy, custom or practice; (3) that the policy, custom or practice amounts to "deliberate indifference" to plaintiff's constitutional rights; and (4) that the policy, custom or practice was the "moving force" behind the constitutional deprivation.  *Van Ort v. Estate of Stanewich,* 92 F.3d 831, 835 (9th Cir. 1996).

The Plaintiff has not submitted any argument or facts to meet the requirements of a civil rights violation against the Defendant.  The Defendant's motion to dismiss this claim, so far as it is based on federal law, is granted.

**Eighth Claim:**

In her Eighth Claim the Plaintiff alleges that the Defendant, Pierce County, conspired to deprive Plaintiff of her rights under State and Federal Law.  As noted by the Defendant, Section 1985 prohibits conspiratorial action intended to deprive individuals of certain rights and privileges.  The elements of this cause of action are as follows:  (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) that the conspirators committed some act in furtherance of the conspiracy; and (4) that the plaintiff was either injured

1   in his person or property or was deprived of having and exercising any right or privilege of a

2   citizen of the United States.  *Farber v. City of Paterson,* 440 F.3d 131 (3rd Cir. 2006).

3         The Plaintiff did not address this cause of action in her Response nor has she presented

4   any facts to support this case of action so far as it is intended to assert a federal claim.  The

5   Defendant's motion to dismiss this claim, so far as it is based on federal law, is granted.

6   **Fifth Claim:**

7         In her Fifth Claim, the Plaintiff asserts a cause of action based on negligent supervision.

8   However, the undersigned has determined that, at least in federal court, the Plaintiff has failed to

9   properly present a claim as to a violation of the ADA or any other associated federal claim.

10  Since there is no violation of federal law, there can be no federal claim based on negligent

11  supervision.

12  **REMAINING STATE CLAIMS**

13        The Court notes that the Plaintiff also alleged Disparate Treatment Due to Disability

14  Discrimination (First Claim) and Hostile Environment Harassment Due to Disability

15  Discrimination (Second Claim) in violation of R.C.W. 49.60.  Neither of these two claims are

16  addressed by the Defendant in its motion for summary judgment.  There are also two claims

17  asserted in the Plaintiff's Complaint, outrage and negligent infliction of emotional distress, that

18  are purely state claims.

19        Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all

20  other claims that are so related to claims in the action within the original jurisdiction so that they

21  form a part of the same case or controversy.  The Court may decline to exercise this

22  supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law, (2) the

23  claim substantially predominates over the claim or claims over which the district court has

24  original jurisdiction, (3) the district court has dismissed all claims over which it has original

1    jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining

2    jurisdiction.  28 U.S.C. § 1367(c).

3           In this case, all the federal claims have been dismissed and there do not appear to be

4    exceptional circumstances warranting this court to assume supplemental jurisdiction over the

5    state law claims.  Accordingly, the undersigned declines to exercise supplemental jurisdiction

6    over the remaining state law claims and they are hereby remanded back to Thurston County

7    Superior Court.

8                              **CONCLUSION**

9           Plaintiff's claims based on an alleged violation of the Americans with Disabilities Act are

10    hereby dismissed.  In addition, any other claims which may have been based on an alleged

11    violation of federal law are dismissed, to the extent they were based on federal law.

12           In addition, as noted above, the Court has declined to exercise supplemental jurisdiction

13    over the remaining state law claims and this case is, therefore, remanded back to Thurston

14    County Superior Court for determination of the state claims under state law.

15           DONE this 4th day of September, 2012.

16

17

18                             Karen L. Strombom
                                  United States Magistrate Judge

19

20

21

22

23

24